IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY KEY, #298081                                                                              PLAINTIFF

v.                                                                 CIVIL ACTION NO.  1:07cv1173-LG-RHW

HARRISON COUNTY LEGAL ADMINISTRATION, et al.                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Harrison County Adult Detention Center, Gulfport, Mississippi, filed on November 1, 2007, a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On November 2, 2007, two separate orders were entered.  One of the orders [3-1] directed the Plaintiff, within thirty days, to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit.  The other order [4-1] directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application within thirty days.  The Plaintiff was warned in both of these orders that his failure to keep this Court informed of his current address or his failure to timely comply with the orders could result in the dismissal of his complaint.  The Plaintiff failed to respond to the orders.

When the Plaintiff failed to respond to the orders of November 2, 2007, an order [5-1] was entered on January 2, 2008, directing the Plaintiff to show cause, on or before January 16, 2008, why this case should not be dismissed for his failure to comply with the Court's orders of November 2, 2007.  In addition, the Plaintiff was directed to comply with the orders of November 2, 2007, on or before January 16, 2008.  The Plaintiff was once again warned in the show cause order that failure to keep this Court informed of his current address or a failure to

timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff did not respond to this order.

According to the court record, the Plaintiff has failed to comply with the orders of this Court entered on November 2, 2007, as well as the order to show cause entered on January 2, 2008.  Therefore, this Court finds it apparent from the Plaintiff's failure to comply with the orders of this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Link, supra*, 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of the Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.

2

                                      UNITED STATES DISTRICT JUDGE